DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
(907) 456-0245

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. F05-043 CR (RRB) |
| Plaintiff, | ) ) ) | **PLEA AGREEMENT OF DENNARD CARL HEGNA** |
| vs. | ) ) | |
| DENNARD CARL HEGNA, | ) ) | |
| Defendants. | ) ) | |

I. **Introduction**

   A.   This document contains the complete plea agreement between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local

prosecuting authorities.

B. The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement or the guilty plea(s) unless the court declines to be bound by the provisions of this agreement.

C. Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II. What the defendant agrees to do

A. I, DENNARD CARL HEGNA, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible,

Second, the Defendant possessed the actual methamphetamine with intent to deliver it to another person;

D.  **Waiver of trial, appellate, and collateral attack rights**

By pleading guilty, I understand that I give up and I agree to waive the following rights:

- If applicable, the right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

- The right to object to the composition of the grand or petit jury;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel

continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

I understand that pleading guilty acts as a waiver of the right to appeal my conviction. I also understand and agree that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence consistent with its terms, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence including any order of forfeiture. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction(s) and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at

the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

E.  **Withdrawl of Pretrial Motions**

I further understand that by pleading guilty my counsel will withdraw consideration of pretrial motions previously filed.

F.  **Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

G.  **Maximum statutory penalties**

I understand the maximum statutory penalties for distribution of cocaine, in violation of 21 U.S.C. §841 (b)(1)(B), include the following for the facts upon which my plea will be entered: 1) 5 to 40 years imprisonment, 2) a $2,000,000 fine, 3) a $100 mandatory special assessment, and 4) a mandatory minimum four-

year term of supervised release, with a maximum of 5 years. I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 101 12th Avenue, Rm. 332, Fairbanks, AK 99701.

H.  **Application of the United States Sentencing Guidelines**

I understand the court has discretion to impose any sentence available for the offense(s) of conviction. I understand the court must consult and may rely upon the United States Sentencing Commission Guidelines [U.S.S.G.] when

considering the sentence to impose in my case. I also understand that while the U.S.S.G. are not mandatory and that the court is not bound to impose a sentence recommended by the U.S.S.G., the court may nonetheless find the sentence range based on the U.S.S.G. to be reasonable in my case. The United States and I have reviewed the possible sentencing ranges available under the U.S.S.G. for my case. The parties anticipate that the following guideline calculations will apply to my offense.

> SUMMARY: Count 3
>
> BASE OFFENSE LEVEL § 2D1.1(c)(6) .................... 26
>
> ACCEPTANCE OF RESPONSIBILITY .................... -3
>
> TOTAL OFFENSE LEVEL..............................................23
>
> CRIMINAL HISTORY (undetermined) ...............................III
>
> *ESTIMATED SENTENCING RANGE*
> *60\* 57-71 months depending on criminal history*
> *\* The statutory mandatory minimum sentence is 60 months.*
>
> *SUPERVISED RELEASE RANGE* ... *min. 4 years - max. 5 years*

I.   **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter

my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

J.  **Factual basis for the plea(s)**

I admit that the charge against me in Count 3 of the Indictment is true and stipulate to the truth of the following factual basis for my plea(s) and that they support my guilty plea(s) in this case:

On March 15, 2004, an Alaska State Trooper performed a traffic stop on a vehicle driven by Dennard Carl Hegna. During that traffic stop, the Trooper saw a small glassine envelope containing a white powdery residue. The Trooper also became aware that the Mr. Hegna was in a probationary status. Upon getting authorization from Mr. Hegna's probation officer to conduct a search pursuant to probation conditions, the officer found methamphetamine in the vehicle. Subsequent laboratory testing revealed that the methamphetamine substance contained over 5 grams of actual methamphetamine.

### K. Cooperation

1. I will agree federal law enforcement officers or an authorized representative of the United States Attorney's office will conduct debriefings of me pursuant to this agreement. I will fully and truthfully disclose all information concerning all individuals associated with the subject being inquired about, including any statements such individuals made to me concerning their activities and associations. I understand I will not be permitted to refuse to answer any questions asked.

2. I will agree to provide truthful and complete information at all times. During any debriefing, I agree to totally disclose all relevant information even if a question specifically seeking such information is not asked. I know the United States will consider it materially misleading and will consider it unsatisfactory if I simply answer all questions truthfully but fail to disclose relevant information because I believe no one asked precisely the right question.

3. I understand it will be a violation of this agreement if I provide false or incomplete information, or if I falsely implicate an innocent person in the commission of a crime, or exaggerate the involvement of any person in the commission of a crime in order to appear cooperative, or if I falsely

minimize the involvement of any person in the commission of a crime in order to protect that person. I further understand that if I knowingly or intentionally commit such a violation of this provision, the United States will prosecute me for perjury, providing false statements, or obstructing justice. I agree any and all statements I have provided pursuant to this agreement can and will be used against me during any prosecution for these other offenses. It will also be a material breach of my obligation to cooperate if I inform, directly or indirectly, any person that they are a target of a government investigation. While this agreement is in effect, I will materially breach this agreement if I violate any local, state, or federal law.

Additionally, the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter, including any charges the government has agreed to dismiss, if I breach this agreement.

4. On the express condition that I fully cooperate and do not breach this plea agreement, and do not provide false or misleading information or testimony, the United States agrees that any statements or information I have provided pursuant to this section will not be directly used against me in any

federal criminal proceeding, and will not be used contrary to the policy set forth in U.S.S.G. § 1B1.8.

        5.    I understand this agreement does not confer any immunity for making false statements to the government or giving untruthful testimony under oath at any judicial proceeding. This agreement does not provide use immunity to me in a prosecution for any future acts.

### III. What the United States agrees to do

        A.    In exchange for the defendant's plea of guilty to Count 3 of the Indictment, the United States agrees not to prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s). Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if the defendant breaches this plea agreement, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

B. The United State agrees not to file an information providing notice of previous convictions under 21 U.S.C. §851(a) for the purpose of increasing the Defendant's punishment.

C. If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion. The United States further agrees that if defendant cooperates as described above the government will not use any statements made by the defendant to increase his sentence under U.S.S.G. §1B1.8.

D. Consistent with the paragraph above, the United States agrees to recommend a sentence of 60 months confinement. A sentence of 60 months is

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the court.

I understand the court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Indictment.

DATED: 3-30-06

_____
Dennard Carl Hegna
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 3/30/06

_____
M.J. Hagen
Attorney for Dennard Carl Hegna

On behalf of the United States, the following accept Dennard Carl Hegna's offer to plead guilty under the terms of this plea agreement.

DATED: MARCH 30, 2006

Bryan Schroder
Assistant U.S. Attorney

DATED: March 30, 2006

DEBORAH M. SMITH
Acting United States Attorney